REED *v.* STATE

[No. 298, September Term, 1960.]

*Decided June 14, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Edward B. Rybczynski,* for appellant.

*Joseph S. Kaufman, Deputy Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *James W. McAllister, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The defendant-appellant, Reed, was tried in the Criminal Court of Baltimore before a judge, sitting without a jury, under a fourteen-count indictment charging violation of the narcotics laws. He was convicted and sentenced under some (but not all) of these counts, and he appeals.

In each of the counts of the indictment numbered 1 to 7, inclusive, he was charged with an offense committed on March 12, 1960. In each of the counts numbered from 8 to 14, inclusive, he was charged as a second offender (see Code (1957), Art. 27, Sec. 300). That is, these counts alleged the historical fact of the defendant's prior narcotics conviction in 1955, which was on charges of having in his possession and under his control, and of selling and dispensing, a narcotic drug (on that occasion cannabis), and these counts also alleged a current offense committed on March 12, 1960, just as already charged in the corresponding count among the first seven counts. To summarize the counts by subject matter: counts 1 and 2 and their corresponding counts 8 and 9 dealt with selling and dispensing heroin to a named individual, one Lozowicki; counts 3 and 4 and their corresponding counts 10 and 11 dealt with possession and control of heroin; counts 5 and 6 and their corresponding counts 12 and 13 dealt with possession and control of cannabis (often known as marijuana); and count 7 and its corresponding count 14 dealt with possession of a hypodermic needle and syringe for the purpose of administering a habit forming drug. The docket entries for the day of the trial, April 29, 1960, show that the appellant was tried under a plea of not guilty and also state: "Verdict: Guilty, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 13th Counts." The docket entries record no findings on Counts 1, 2 or 14.

An examination of the transcript shows that the defendant made a motion for a directed verdict on the ground that the evidence showed that the sale alleged was made to a person other than the individual named in the indictment as the purchaser. After commenting that "They have so many counts there, it is hard to go through them", the court granted the motion as to counts 1 and 2, pointed out that it did not apply to the 3rd count and then "overruled" the motion as to the 3rd, 4th, 5th, 6th and 7th counts (to each of which the motion as made seems inapplicable). The trial court appears either to have granted or to have been about to grant the motion as to the 8th count (sale), when the colloquy turned to the fact that the 8th and subsequent counts alleged the prior conviction. However, the court did in the course of the discussion agree with the defendant's trial counsel that "the sale is out." This would seem to have required the granting of the motion as to the 8th and 9th counts in conformity with the ruling on the 1st and 2nd counts. Counts charging sale and dispensing, respectively, were evidently and properly treated on the same basis. They involved the same transaction and differed only in being based upon two different words of the same statute. The defendant filed a motion for a new trial, which the Supreme Bench granted as to the 8th and 9th counts, but denied as to the other counts. The docket entries disclose no subsequent action by the trial court with regard to the 8th and 9th counts. After the denial of the motion for a new trial as to counts other than 8 and 9, the trial court imposed a sentence of five years' imprisonment, which is the minimum term for a narcotics law second offense and the maximum term for a first offense.

The fact of the appellant's prior conviction is not and was not disputed. On the contrary, it was stipulated by his trial counsel in open court that there had been such a conviction.

No question has been raised on this appeal with regard to the absence of docket entries showing any final disposition of counts 1, 2, 8, 9 and 14. As to counts 1, 2, 8 and 9, it seems clear that findings of not guilty should have been formally entered as to each in accordance with the trial court's

oral rulings which were specifically stated with regard to counts 1 and 2, and which appear from the transcript to have been applicable also to counts 8 and 9. We consider that findings of not guilty were actually made by the trial court on these counts and that they should now be entered on the docket.

The absence of any docket entry recording the court's finding on count 14 has no effect upon the findings of guilt on counts 3, 4, 5, 6, 7, 10, 11, 12 or 13 nor upon the validity of the sentence imposed under those counts; but the absence of any finding on that count is equivalent to a finding of not guilty thereunder. Cf. *Hechter v. State,* 94 Md. 429, 50 A. 1041; *Glickman v. State,* 190 Md. 516, 60 A. 2d 216; *Felkner v. State,* 218 Md. 300, 306, 146 A. 2d 424.

At the end of the trial court's consideration of individual counts of the indictment the judge stated: "All right, you have got the possession of various articles in the prior conviction, [the motion for a directed verdict is] overruled as to those, granted as to the sale." The defendant's trial counsel then rested the case as to possession and control and proceeded to argue those questions to the court. At the conclusion of this argument, the trial judge stated that he could not agree with the argument of defense counsel, that he was "completely satisfied that this crime has been involved with narcotic drugs, the corpus delicti is there and tied in here sufficiently and was based on his [the defendant's] admission, and he couldn't be convicted without that * * *." The trial judge then announced (according to the transcript): "I will have to find him guilty on the count other than the possession." If this announcement of the court's findings is accurately recorded, it seems to indicate two slips: first (quite possibly a stenographic error), in saying "count" instead of "counts"; and second, in saying "possession" instead of "sale."

Almost anyone can make a slip of the tongue, and judges are not immune from such errors. After a careful study of the entire colloquy relating to the sufficiency of the evidence both before and after the closing argument of defense counsel, we have no doubt (assuming no error by the court re-

porter) that a slip of the tongue is exactly what occurred in the judge's statement of the counts upon which he was finding the defendant guilty. (We note that the slip apparently escaped attention at the time and that no one called it to the court's attention.) Any different interpretation of the judge's statement would lead to the conclusion that he was finding the defendant guilty of selling and dispensing, when the transcript makes it perfectly clear that he had already found the defendant not guilty of those charges because of the discrepancy in proof as to the identity of the purchaser. If we were not convinced that the statement in question was a mere slip of the tongue, we should remand this case for a clarification and certification of the record by the trial judge; but in the light of our study of the record, we think that a remand of this case for such a purpose is unnecessary and would be superfluous.

Though we have reached that conclusion, we think it appropriate to emphasize the need for accuracy and clarity in the findings of the trier of the facts, whether it be the court or a jury,[1] on the counts, however, numerous, of an indictment and in the recording of such findings. Since the docket entries ordinarily import verity, it would be difficult to overemphasize the importance of accuracy from every point of view, including review on direct appeal or on habeas corpus or other post-conviction remedies. In the instant case, careful study of the record has satisfied us as to what were the actual findings of the trial court on the counts upon which we affirm the appellant's conviction. We note, however, that they do not appear to have been made clear to the clerk and that error consequently crept into the docket entries.

As to the merits of the case, we find no force in the appellant's contentions that the evidence was insufficient to sustain his conviction on the charges of possession and control of heroin, of cannabis and of a hypodermic needle and "syringe" (actually an eye-dropper) for the purpose of adminis-

---

1. We recognize, of course, that sometimes a jury will be unable to reach a verdict on some (if not all) of the counts of an indictment.

tering a habit-forming drug. As we have noted, the prior conviction was conceded and the sentence of imprisonment which was imposed was authorized as the maximum for a first offense and the minimum for a second.

As we read the record, the appellant did not in terms move for a directed verdict as to any counts except those pertaining to sale and dispensing. His counsel on appeal, who was not his trial counsel, entertains a different view, with which the State seems to agree. Since a case is reviewable on appeal not only on the law, but also on the evidence under Maryland Rule 741 c, where it is tried before the court sitting without a jury, even in the absence of such a motion (*Elliott v. State,* 215 Md. 152, 137 A. 2d 130), and since the requirements for reversal on the evidence are certainly no greater under Rule 741 c (clearly erroneous) than on an appeal from the denial of a motion for a directed verdict (no sufficient evidence), the point is of little practical importance in this case.

There was evidence to show: (a) that three officers of the Baltimore City Police Department and Federal Narcotic Agent Lozowicki at about 5:30 P.M. on March 12, 1960, went to an apartment at 222 N. Monroe Street in Baltimore; (b) that they there met a "special employee" of the Police Department and furnished her with $63.00, the numbers of the bills having been previously recorded; (c) that Officer Brooks remained in the apartment concealed in a closet from which position he could see to only a limited extent, but could hear well; (d) that the appellant entered the apartment at about 8:00 P.M. and left about ten minutes later; (e) that while he was there he and the special employee had a conversation in which the special employee sought to purchase heroin for the $63.00 that she had; (f) that the appellant returned to the apartment at about 8:45 P.M. and delivered suspected narcotics to the special employee; (g) that when the appellant left the building, he was arrested and the hidden officer took from the special employee 40 capsules of what proved to be heroin; and (h) that when the appellant was arrested he was taken to Gilmor and Baltimore Streets where

one Bernard Bell was arrested, and that the $63.00 in the bills above mentioned were found on Bell's person.

There was further evidence: (i) that the officers then proceeded to an apartment at 34 N. Bruce Street, occupied by Bell and also to some extent by the appellant; and (j) that on searching the apartment they found two bags containing suspected heroin,[2] a hypodermic needle and an eye-dropper [referred to as a "syringe" in the indictment], and some loose marijuana and partly smoked marijuana cigarettes.

Finally, there was testimony that the appellant admitted having sold the 40 capsules of heroin and that he had given the money to Bell.

This evidence, if believed, as it plainly was, was sufficient to warrant findings that the defendant was guilty under counts 3, 4, 10 and 11 charging possession and control of heroin, under counts 5, 6, 12 and 13 charging possession and control of cannabis, and under count 7 charging possession of implements for administering a habit forming drug. The appellant's contention that the acquittal on charges of sale negatives possession or control of the 40 capsules of heroin sold to the special employee is quite untenable, since the basis of this acquittal was that the indictment charged that the sale was made to (Agent) Lozowicki, but that the proof showed that it was made to someone else, the special informer. We see no basis for setting aside the trial court's finding on the evidence of the appellant's guilt under any of the counts mentioned in this paragraph. Maryland Rule 741 c; *Smith & Harrison v. State,* 223 Md. 228, 163 A. 2d 622 (cert. den. (Smith), 364 U. S. 935, (Harrison), 365 U. S. 803); *Miller v. State,* 223 Md. 354, 164 A. 2d 715.

> *Judgment affirmed as to counts 3, 4, 5, 6, 7, 10, 11, 12 and 13, with directions to enter findings of not guilty as to counts 1, 2, 8, 9 and 14.*

---

2. The appendix does not make it wholly clear that it proved to be such.