## BRISCOE *v.* STATE

[No. 326, September Term, 1961.]

*Decided June 15, 1962.*

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Albert A. Levin* for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney,* and *George J. Helinski, Assistant State's Attorney,* on the brief, for appellee.

PER CURIAM.

Appellant, Robert Briscoe, who was an admitted user of narcotics before 1958, was tried by the court sitting without

a jury, and convicted on two counts of possession and control of narcotics. He was sentenced to five years in the Maryland House of Correction and on this appeal from the judgment and sentence presents only the question of the sufficiency of the evidence.

The record discloses that on September 7, 1961, at about 6:30 p. m. Officer Buchanan and an unidentified undercover agent went to the vicinity of Pennsylvania Avenue and Hoffman Street in Baltimore City. Here they met one Wilbur Carter. Several telephone calls were made, after which officer Buchanan gave a sum of money to the undercover man, who in turn passed that money to Carter. Another man then appeared and sold a quantity of heroin to Carter, in the presence of the other two. At the trial the State's witness, Officer Buchanan, made a positive identification of the appellant Briscoe as the person who had sold the narcotic to Wilbur Carter. However, Briscoe was not arrested at the time, nor did Officer Buchanan identify himself to Carter as a police officer. Briscoe was arrested on November 6, 1961, some two months after the above transaction.

Appellant denied every aspect of the State's case and stated that there was another Briscoe living in his neighborhood who sold narcotic drugs, and that it was all a case of "mistaken identity." However, he offered no evidence as to the other Briscoe's first name, his place of employment, address, nor gave any other information which would have been helpful to the police in producing such other person. Moreover, Captain Carroll of the Narcotic Squad of the Baltimore City Police testified that he had questioned Briscoe after his arrest concerning the sale and that Briscoe told him he did not remember the sale, but did not specifically deny it. Furthermore the record discloses that Briscoe, on cross examination, testified to prior convictions of larceny, assault, breaking and entering, and being a common pickpocket which, taken together with his admission of being the user of narcotics at one time, was undoubtedly considered by the trial judge in weighing his credibility. The trial court was not obliged to believe the appellant's explanation and we cannot say that he was clearly in error. Maryland Rule 886 a. *Knuckles v. State,* 228 Md.

318, 179 A. 2d 692; *Reed v. State,* 225 Md. 566, 171 A. 2d 464.

Appellant suggests that the failure of the State to produce Wilbur Carter, who bought the narcotic drug, and the undercover agent who was present at the commission of the crimes, together with the fact that he was not arrested until some two months after the crimes, supports his defense of mistaken identity. Officer Buchanan testified that he did not know the whereabouts of Carter, nor the name of the undercover agent. As to the delay in arrest, Captain Carroll testified that this was the practice in narcotic cases involving undercover agents because otherwise an undercover man would lose his usefulness and a different one would be needed for each case.

We think the evidence supports the conviction and must affirm.

*Judgment affirmed.*