## JACKSON *v.* STATE

[No. 234, September Term, 1962.]

Decided June 11, 1963.

The cause was argued before BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Rolf A. Quisgard, Jr., for appellant.

Robert F. Sweeney, Assistant Attorney General, with whom were Thomas B. Finan, Attorney General, William J. O'Donnell and George J. Helinski, State's Attorney and Assistant

*State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant claims in this appeal that the Criminal Court of Baltimore, sitting without a jury, erroneously convicted and sentenced him for armed robbery, instead of common law robbery, in two cases (indictments Nos. 2572 and 2573). He did not appeal from his conviction under a third indictment (No. 2574) for common assault upon the police officer who arrested him, but did appeal from his conviction under a fourth indictment (No. 2575) for carrying a dangerous and deadly weapon, upon which sentence was suspended generally.

The facts are not in dispute. In the night of June 20, 1962 appellant held up two taxicab drivers. On each occasion he entered the rear seat of the taxicab and subsequently announced a hold-up, pointing at the victims (and holding against the neck of one of them) a small pistol, later revealed to be a .22 caliber starter's pistol of the type used at athletic events, incapable of discharging a lethal pellet and used for firing blank cartridges only. The testimony of the taxicab drivers showed that each believed the instrument to be an authentic pistol and was put in fear by it, and, thus coerced, complied with the robber's demand for his money. A police department firearms expert testified, without objection, that the starter's pistol was so similar in appearance to a regular .22 caliber pistol that from a short distance neither he nor any other expert could perceive any difference. He stated that he fired the starter's pistol and that its report resembled that of a regular .22 caliber pistol. The arresting officer testified that the appellant discharged the starter's pistol at him during pursuit and that he saw "a flash of fire come from the gun". Appellant did not take the stand, but after verdict and before sentence he admitted both robberies and his use of the starter's pistol therein.

Code (1957), Art. 27, Sec. 486, fixes the penalty for common law robbery at from three to ten years' imprisonment. Section 488 prescribes a sentence of not more than twenty

years in the Maryland Penitentiary for robbery or attempt to rob "with a dangerous or deadly weapon". The appellant was sentenced to fifteen years in the Penitentiary on each of the armed robbery charges, to run consecutively. He contends that the verdicts and sentences for the more serious grade of the crime were clearly erroneous, on the ground that the starter's pistol was not a dangerous or deadly weapon because it was incapable of discharging a projectile.

We think that the rationale of *Hayes v. State,* 211 Md. 111, 126 A. 2d 576 (1956), provides the answer to this contention. In that case we held that an unloaded pistol used in an attempted robbery was a dangerous weapon within the meaning of Sec. 488, *supra* (then Sec. 574A of the 1951 Code). Making it perfectly clear that guilt under the Maryland statute is predicated upon a finding of intent to rob by means of *intimidation* produced by the use of a weapon, coupled with the *apparent* ability to execute the implied threat to use the weapon if resistance is offered, Judge Henderson, for the Court, added (at p. 115 of 211 Md.) : "So long as there is an intent to rob by that means [intimidation induced by the weapon], it is unnecessary to find an intent or ability to execute the implied threat in the event of resistance." It was also noted that pistols are frequently used as bludgeons in robberies. Decisions in other jurisdictions in accord with *Hayes* are collected in Annotation at 79 A.L.R. 2d 1412, 1426 (1961).

The rule laid down in *Hayes* was recognized and applied in the later cases of *Vincent v. State,* 220 Md. 232, 151 A. 2d 898 (1959) ; *Davis v. State,* 225 Md. 45, 168 A. 2d 884 (1961) ; and *Miller v. State,* 231 Md. 158, 189 A. 2d 118 (1963), and we think it is applicable here. The evidence shows (and the appellant admits) his intent to rob; it also shows that he intimidated the taxicab drivers with an instrument which appeared to be an authentic pistol, thereby coercing them to surrender their money without a struggle. Moreover, the appellant was close enough to his victims to have used the starter's pistol as a bludgeon, had resistance been offered. As indicated in *Hayes,* a secret intention of the assailant not to perform the threatened act, or even his undisclosed inability to perform it, would be immaterial.

Appellant argues that we should adopt the rule of *Cooper v. State*, 297 S. W. 2d 75, 61 A.L.R. 2d 993 (Tenn. 1956), where the court held that a toy gun was not a dangerous or deadly weapon within the meaning of an armed robbery statute similar to ours. However, we are not persuaded by that decision, and we note that the jurisdictions, other than Tennessee, which have had occasion to consider the question whether robbery committed with a toy gun constitutes robbery with a dangerous or deadly weapon have ruled in the affirmative. See, *e.g., People v. Ward,* 190 P. 2d 972 (Cal. App. 1948) ; *People v. Coleman,* 127 P. 2d 309 (Cal. App. 1942) ; *People v. Hunt,* 196 N. E. 598 (N. Y. 1935).

In accordance with the authorities cited, we hold that the trial court properly found that the robberies committed with the instrument used by the appellant were robberies with a dangerous weapon.

As noted in the first paragraph of this opinion, the appellant also appealed from his conviction under the fourth indictment (No. 2575) against him, upon which sentence was suspended generally. This indictment contained four counts, the first three of which were brought under Code (1962 Cum. Supp.), Art. 27, Sec. 36, and charged the carrying of a "dangerous and deadly weapon, to wit: a pistol" (a) concealed, (b) with intent to injure an unknown person, and (c) with intent to injure the arresting officer, therein named, and the fourth count of which was brought under a Baltimore City ordinance and charged the firing of a pistol within the city limits. The counts were based upon the carrying by the appellant of the starter's pistol and his firing of it toward the pursuing officer. Although the verdict announced by the trial court, and the docket entries, explicitly show that the appellant was found guilty under only the first three counts, a portion of the appellant's argument in his brief in reference to the conviction under this indictment was devoted to the proposition that the instrument used by the appellant was not a pistol as defined in the city ordinance mentioned in the fourth count. The trial court made no finding as to the fourth count, and we have held that this is equivalent to an acquittal there-

under. *Reed v. State,* 225 Md. 566, 570, 171 A. 2d 464 (1961), and cases cited. Accordingly, we shall disregard the fourth count.

As to the first three counts, appellant argues that the starter's pistol found in his possession was not a "pistol" as contemplated by the terms of Sec. 36, *supra,* which prohibits the carrying of "any pistol [and various other weapons mentioned], or any other dangerous or deadly weapon of any kind, whatsoever * * *" and that therefore his conviction for carrying a "pistol" was erroneous.

This Court recognizes the generally accepted rule that the purpose of a criminal charge, by indictment or otherwise, is to inform the accused of the charge he is called upon to defend and to protect him against a subsequent prosecution for the same offense. *Lank v. State,* 219 Md. 433, 436, 149 A. 2d 367 (1959). Of course, the general category of "dangerous weapon" named in the indictment was particularized by the *videlicet* "to wit: a pistol." We have held above that the weapon carried by appellant was a "dangerous" one, and the evidence adduced showed that it is commonly called, is generally known as, and in fact is a starter's "pistol". Under these circumstances, we are unable to discover any variance between the allegations in the indictment and the proof offered to support them. As in *Hayes,* we find it unnecessary to determine whether or not the weapon was deadly, since both statutes use the adjectives in the alternative.

*Judgments affirmed.*