## TOMMY WHACK *v.* STATE OF MARYLAND

[No. 97, September Term, 1979.]

*Decided July 7, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Geraldine Kenney Sweeney, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Bonnie A. Travieso, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The issue in this criminal case is whether separate sentences may be imposed for robbery with a deadly weapon in violation of Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 488, and use of a handgun in the commission of a felony in violation of Art. 27, § 36B (d), where both convictions are based upon a single act of robbery with a handgun.

The petitioner Tommy Whack was convicted by a jury in the Circuit Court for Prince George's County on two counts of robbery with a deadly weapon, one count of use of a handgun in the commission of a felony (*i.e.,* robbery), and two counts of assault. All charges grew out of the same incident, namely the robbery of a Safeway grocery store in Landover, Maryland, on January 17, 1978. Moreover, the handgun charge was based on the same act of robbery as one of the armed robbery counts. Whack was sentenced to twenty years' imprisonment on each of the robbery counts, and five years on each of the assault counts, all of these sentences to run concurrently. He was sentenced to five years' imprisonment on the handgun count, to run consecutively to the armed robbery sentences. On appeal to

the Court of Special Appeals, Whack, *inter alia,* challenged the imposition of separate consecutive sentences for robbery with a deadly weapon and use of a handgun in the commission of that robbery. The intermediate appellate court rejected this contention on the basis of its earlier opinion in *Stevenson v. State,* 43 Md. App. 120, 403 A.2d 812 (1979), *aff'd on other grounds,* 287 Md. 504, 413 A.2d 1340 (1980), and, in an unreported opinion, upheld Whack's convictions and sentences.[1]

Whack filed a petition for a writ of certiorari, presenting one question: "Did the Court of Special Appeals err in holding that it was permissible to impose consecutive sentences for robbery with a deadly weapon and use of a handgun in the commission of that crime?" The State filed a conditional cross-petition for a writ of certiorari, arguing that, because the propriety of the consecutive sentences had not been challenged in the trial court, the Court of Special Appeals abused its discretion under Maryland Rule 1085 in considering the matter on its merits. We granted both the petition and the cross-petition. Because we shall hold that the Court of Special Appeals did not err in upholding the consecutive sentences, it is unnecessary to consider the issue raised in the State's cross-petition.

In Maryland, robbery is a single common law offense. Art. 27, §§ 486 and 488, do not create separate statutory offenses but merely fix the penalties for the one crime of robbery. Section 486 provides for not less than three and not more than ten years' imprisonment. If the robbery, however, is

---

1. In *Stevenson,* the Court of Special Appeals rejected the argument "that the legislative intent in both the armed robbery and handgun statutes was to increase the maximum sentence where a weapon was involved, not to subject offenders to two additional penalties for the same aggravating circumstances . . . ." 43 Md. App. at 132. The Court stated (*ibid.*):

"We believe the legislative intent simply was to impose a more severe penalty in an armed robbery situation when any kind of deadly weapon is used and to increase that penalty when a handgun is used."

The Court of Special Appeals went on to note in *Stevenson* that the imposition of the separate sentences does not violate double jeopardy principles, citing Coates v. State of Maryland, 436 F. Supp. 226 (D. Md. 1977).

committed "with a dangerous or deadly weapon," § 488 prescribes twenty years' imprisonment as the maximum penalty for robbery. See generally, *e.g., Bynum v. State,* 277 Md. 703, 707, 357 A.2d 339, 341, *cert. denied,* 429 U.S. 899, 97 S. Ct. 264, 50 L. Ed. 2d 183 (1976); *Bennett and Flynn v. State,* 237 Md. 212, 214-216, 205 A.2d 393 (1964); *Jackson v. State,* 231 Md. 591, 593-595, 191 A.2d 432 (1963); *Hayes v. State,* 211 Md. 111, 126 A.2d 576 (1956). On the other hand, the use of a handgun in the commission of any felony and in the commission of certain violent misdemeanors is entirely a creature of statute, being part of the handgun control act of 1972, Ch. 13 of the Acts of 1972, codified as Art. 27, §§ 36B-36F. The use of a handgun in the commission of any felony, or any of the designated violent misdemeanors, is punishable by imprisonment of from five to fifteen years, with the five years being a non-suspendable mandatory minimum sentence. Article 27, § 36B (d) and (e); *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974).

The principal thrust of petitioner's argument is that the Legislature did not intend, in enacting §§ 488 and 36B (d) of Art. 27, to authorize the imposition of both the enhanced penalty of up to ten additional years under § 488 for the use of a dangerous or deadly weapon, and the enhanced penalty of from five to fifteen years under § 36B (d) for use of a handgun, where there is a single act of robbery committed with only a handgun. In petitioner's view, only one offense is committed under these facts. The petitioner also suggests in his brief that if the Legislature did intend to authorize the imposition of both enhanced penalties under such circumstances, it would violate the Fifth Amendment's prohibition against double jeopardy, citing *State v. Hudson,* 562 S.W.2d 416, 418 (Tenn. 1978).

As this Court has said on several occasions recently, the general rule for determining whether two criminal violations, treated separately under the statutory provisions, should be deemed the same when both violations are based on the same transaction, is the so-called "same evidence" or "required evidence" test set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S. Ct.

180, 76 L. Ed. 306 (1932); *Gavieres v. United States,* 220 U.S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489 (1911); and originally formulated in *Morey v. Commonwealth,* 108 Mass. 433 (1871). Under this test, the violations are separate if each " 'requires proof of an additional fact which the other does not,' " *Gavieres,* 220 U.S. at 342, or, stated another way, if "[e]ach of the offenses created requires proof of a different element." *Blockburger,* 284 U.S. at 304. However, if only one has a distinctive element, they are deemed to be the same offense under the required evidence test.[2] We have generally applied this standard to decide the permissibility of successive trials, as well as multiple punishment, under the double jeopardy clause of the Fifth Amendment, under Maryland common law double jeopardy principles, and as a matter of Maryland merger law. *See, e.g., Lewis v. State,* 285 Md. 705, 722-723, 404 A.2d 1073 (1979); *Brooks v. State,* 284 Md. 416, 419-421, 397 A.2d 596 (1979); *State v. Frye,* 283 Md. 709, 713-715, 393 A.2d 1372 (1978); *Johnson v. State,* 283 Md. 196, 203-204, 388 A.2d 926 (1978); *Newton v. State,* 280 Md. 260, 266-268, 373 A.2d 262 (1977); *Bynum v. State, supra,* 277 Md. at 706; *Cousins v. State,* 277 Md. 383, 388-389, 354 A.2d 825, *cert. denied,* 429 U.S. 1027, 97 S. Ct. 652, 50 L. Ed. 2d 631 (1976); *Thomas v. State,* 277 Md. 257, 266-267, 353 A.2d 240 (1976). The required evidence test has also been called a rule of statutory construction, *Whalen v. United States,* 445 U.S. 684, 691-92, 100 S.Ct. 1432, 1438, 63 L. Ed. 2d 715 (1980).

In addition, we have recognized that the required evidence test is not the only standard for determining when two statutory violations, based on the same transaction, will be treated as one. With regard primarily to successive trials, we have stated that " 'there may be situations where the required evidence test . . . might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy.' " *Brooks v. State, supra,* 284 Md. at 423; *Cousins v. State, supra,* 277 Md. at 397.

2. For a very recent discussion of the required evidence test, *see* Illinois v. Vitale, 444 U.S. 823, 100 S. Ct. 42, 62 L. Ed. 2d 29 (1980).

The imposition of multiple punishment, however, is often particularly dependent upon the intent of the Legislature. Just last year in *Brooks v. State, supra,* 284 Md. at 423, it was pointed out that, although the required evidence test is the normal standard for deciding the allowability of separate sentences, the Legislature may not in certain circumstances intend that separate sentences be imposed for two offenses growing out of the same transaction, even though the two offenses are clearly distinct under the required evidence test. On the other hand, as recognized in *Newton v. State, supra,* 280 Md. at 274 n. 4, even though two offenses may be deemed the same under the required evidence test, separate sentences may be permissible, at least where one offense involves a particularly aggravating factor, if the Legislature expresses such an intent.[3]

The petitioner, in arguing that the General Assembly of Maryland did not intend to authorize separate sentences under both § 488 and § 36B (d) for the same act of robbery with a handgun, relies chiefly upon *Simpson v. United States,* 435 U.S. 6, 98 S. Ct. 909, 55 L. Ed. 2d 70 (1978). In *Simpson,* according to the petitioner, the Supreme Court "answered the identical question now before this Court." (Petitioner's brief, p. 5.) *Simpson* held that when a person was convicted of robbing a bank "by the use of a dangerous weapon or device" in violation of 18 U.S.C. § 2113 (d) (providing an enhanced penalty beyond that for simple bank robbery under 18 U.S.C. § 2113(a)), Congress did not also intend to authorize for the same act the imposition of an additional penalty for using "a firearm to commit any felony" proscribed by 18 U.S.C. § 924 (c).

The Supreme Court in *Simpson* first noted that §§ 924 (c) and 2113 (d) were "addressed to the same concern and designed to combat the same problem: the use of dangerous weapons — most particularly firearms — to commit federal felonies." 435 U.S. at 10. The Court then pointed out (*id.* at

---

3. In this connection, see the discussion in the various opinions filed in Whalen v. United States, 445 U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980).

11), quoting *Brown v. Ohio,* 432 U.S. 161, 166, 97 S. Ct. 2221, 2225, 53 L. Ed. 2d 187 (1977), that ordinarily the "test for determining 'whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment,' " is the required evidence test of *Blockburger v. United States, supra.* The Court next observed that the *Blockburger* test is primarily relevant in the double jeopardy context and that cases like the one before it "raise the prospect of double jeopardy and the possible need to evaluate the statutes in light of the *Blockburger* test." 435 U.S. at 11. Then, invoking the principle that courts avoid constitutional decisions where possible, the Supreme Court turned to the matter of legislative intent, *id.* at 12. The Court first examined the legislative history of 18 U.S.C. § 924 (c), which was an amendment to the original version of the Gun Control Act of 1968, and quoted the statement on the House floor of the amendment's sponsor that § 924 (c) was " 'not intended to apply to Title 18, . . . 2113 . . . concerning armed robberies of . . . banks.' " 435 U.S. at 13. The Court pointed to other legislative history indicating that the Congress affirmatively adopted the sponsor's view, *id.* at 14. The Supreme Court went on in *Simpson* to rely upon the rule of statutory construction that any doubt concerning the legislative intent should be resolved against turning one transaction into multiple offenses, saying (*id.* at 15):

> "Even where the relevant legislative history was not nearly so favorable to the defendant as this, this Court has steadfastly insisted that 'doubt will be resolved against turning a single transaction into multiple offenses.' *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955); *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958). *See Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957). As we said in *Ladner:* 'This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be

based on no more than a guess as to what Congress intended.' 358 U.S., at 178, 79 S.Ct. at 214."

Although at first glance *Simpson* may appear to be directly in point as petitioner urges, this identity disappears upon an analysis of the statutory scheme involved in the present case and its underlying history. Unlike the statutes construed in *Simpson,* there is no legislative history indicating that § 36B (d) of the handgun control act of 1972 was not intended to apply to robbery cases already covered by § 488 of Art. 27. Of course, the mere absence of legislative history would not preclude the application of the rule of construction invoked in *Simpson* if the intent of the Maryland Legislature were unclear. However, in our view the legislative intent is not unclear. Rather, there is every indication that the General Assembly intended both § 36B (d) and § 488 of Art. 27 to be applicable to robbery with a handgun.

As previously mentioned, the Supreme Court in *Simpson,* 435 U.S. at 10, viewed 18 U.S.C. § 2113 (d), relating to bank robbery with "a dangerous weapon or device," as being particularly aimed at the use of firearms. This is a major distinction between the federal act and the Maryland statute dealing with robbery "with a dangerous or deadly weapon." Art. 27, § 488 was not particularly addressed to the use of firearms. Rather, it was intended to encompass devices used for intimidation regardless of an ability to execute the implied threat, *Hayes v. State, supra,* 211 Md. at 115-116. The character of a weapon as deadly or dangerous, for the purpose of § 488, " 'is not necessarily determined by its design, construction, or purpose,' " *Bennett and Flynn v. State, supra,* 237 Md. at 215 (involving robbery with a microphone cord). *See also Jackson v. State, supra,* 231 Md. at 594-595, and cases there cited. Thus, as the cases in this Court make clear, the General Assembly in enacting § 488, although obviously intending that handguns be covered, was not focussing upon the particular dangers of handguns.

When it enacted the handgun control statute, Ch. 13 of the Acts of 1972, Art. 27, §§ 36B — 36F, the Legislature specifically addressed the matter of other statutes

encompassing handguns, and it indicated its intent as to which of those other statutes should no longer cover the use of handguns. Thus, prior to 1972, Art. 27, § 36, had proscribed the carrying of concealed weapons and the carrying or wearing of weapons openly with intent to injure, including handguns. Also prior to 1972, Art. 27, § 36A, had provided a maximum penalty of three years' imprisonment for carrying "any . . . deadly weapon of any kind" on public school property. Finally, prior to 1972, there was local legislation regulating and penalizing certain uses of handguns. In the handgun control act of 1972, the Legislature dealt with the above-described statutory provisions, so as to prohibit the pyramiding of penalties under both the existing law and the new law for the unlawful use of a handgun. It amended Art. 27, § 36, to expressly delete handguns from the coverage of the concealed weapons statute (Ch. 13, § 1, of the Acts of 1972). It further amended Art. 27, § 36A, to provide that where the weapon carried on public school property is a handgun, the penalty provisions of § 36A do not apply, but instead, the offender shall be sentenced in accordance with the penalty provisions of the new statute (Ch. 13, § 2, of the Acts of 1972). Lastly, with respect to local legislation regulating handguns, the Legislature stated (Ch. 13, § 6, of the Acts of 1972):

> "[A]ll restrictions imposed by the law, ordinances, or regulations of the political subdivisions on the wearing, carrying, or transporting of handguns are superseded by this Act, and the State of Maryland hereby preempts the right of the political subdivisions to regulate said matters."

Consequently, in enacting the handgun act, the Legislature was concerned with the matter of duplicative legislation. Where it desired no duplication it specifically amended or superseded those other statutes. Against this background, it is significant that the General Assembly did not amend Art. 27, § 488, to delete handguns from the coverage of that robbery statute.

The language of the 1972 handgun statute confirms that there was no intent to delete by implication penalties provided by other statutes, and confirms that the penalties set forth in the handgun act were intended to be imposed, *in addition to* the penalties under other applicable statutes. The Declaration of Policy, Art. 27, § 36B (a), discloses that the Legislature viewed handguns as a particularly aggravating problem, and one not effectively controlled by the laws applicable to weapons generally:

> "(a) *Declaration of policy.* — The General Assembly of Maryland hereby finds and declares that:
>
> (i) There has, in recent years, been an alarming increase in the number of violent crimes perpetrated in Maryland, and a high percentage of those crimes involve the use of handguns;
>
> (ii) The result has been a substantial increase in the number of persons killed or injured which is traceable, in large part, to the carrying of handguns on the streets and public ways by persons inclined to use them in criminal activity;
>
> (iii) The laws currently in force have not been effective in curbing the more frequent use of handguns in perpetrating crime; and
>
> (iv) Further regulations on the wearing, carrying, and transporting of handguns are necessary to preserve the peace and tranquility of the State and to protect the rights and liberties of its citizens."

The declaration is followed by several sections regulating and/or proscribing the wearing, carrying or transporting of handguns. Then, in § 36B (d), the Legislature dealt with the use of a handgun in the commission of a crime:

> "Any person who shall use a handgun in the commission of *any felony* or any crime of violence as defined in § 441 of this article, shall be guilty of a *separate misdemeanor* and on conviction thereof shall, *in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor,*

> be sentenced to the Maryland Division of Correction for a term of not less than five nor more than fifteen years, and it is mandatory upon the court to impose no less than the minimum sentence of five years." (Emphasis supplied.)

The language imposes the penalty under the section for use of a handgun in the commission of "any felony." As robbery with a dangerous or deadly weapon is within "any felony," the statutory language unambiguously imposes the penalty set forth in § 36B (d) if one uses a handgun in the armed robbery.[4] Section 36B (d) goes on to mandate that the use of the handgun in the commission of any felony shall be a "separate" offense, and that the mandatory minimum sentence under § 36B (d) shall be "in addition to any other sentence imposed by virtue of commission of said felony." Nothing could more plainly show an intent to impose whatever punishment is provided for the felony *plus* the punishment set forth in § 36B (d).

Finally, although not having the issue directly before us, this Court has previously interpreted § 36B (d) so as to preclude treating the handgun offense and the underlying felony as the same offense (*Dillon v. State,* 277 Md. 571, 584, 357 A.2d 360 (1976)):

> "The 'dominant purpose' as disclosed from the language in all of Art. 27, § 36B 'is to stop the alarming rise in the use of handguns in the commission of crimes of violence,' *Wright v. State, supra,* at 317, 330 A.2d at 487. Subsection (d) makes it clear that the use of a handgun in the commission of any felony or any 'crime of violence,' constitutes a separate misdemeanor, independent of the felony or 'crime of violence,' in connection with which a

---

4. In this connection, the petitioner notes the reference to § 441 of Art. 27, and points out that § 441 (e), in defining "crime of violence," lists "robbery" but not "robbery with a dangerous or deadly weapon." However, as previously discussed, both basic robbery under § 486 and robbery with a deadly weapon under § 488 constitute the same common law felony of "robbery," and for purposes of § 441 (e), there would have been no reason to distinguish between them. Moreover, § 36B (d) itself covers "any felony." The reference to § 441 was simply for the purpose of indicating which misdemeanors should also be encompassed.

handgun may have been used, and mandates a separate minimum sentence. *State ex rel. Sonner v. Shearin,* 272 Md. 502, 325 A.2d 573 (1974); *Wright v. State, supra.* The provisions in the statute preclude the application of the doctrine of merger of such misdemeanor in the felony or 'crime of violence.' . . ."

*See also Bremer v. State,* 18 Md. App. 291, 343-345, 307 A.2d 503, *cert. denied,* 269 Md. 755 (1973), *cert. denied,* 415 U.S. 930, 94 S. Ct. 1440, 39 L. Ed. 2d 488 (1974).

In sum, it is clear to us that the General Assembly intended to authorize the imposition of punishment under both § 36B (d) and § 488 of Art. 27, when one commits a robbery with a handgun. It has viewed the use of a weapon to intimidate the victim of a robbery as an aggravating factor, warranting the enhanced penalty of § 488. And when that weapon is a handgun, it has viewed it as a further aggravating factor, requiring the *additional* penalty under § 36B (d).

What has been said also requires the rejection of petitioner's suggestion of double jeopardy. Assuming that the two offenses should be deemed the same under the required evidence test of *Blockburger,*[5] what we said in *Newton v. State, supra,* 280 Md. at 274 n. 4, is dispositive:

"It should be noted, however, that under certain circumstances, multiple punishment . . . for offenses deemed the same under the required evidence test do[es] not violate the Fifth Amendment prohibition against double jeopardy. . . . [T]he legislature may indicate an express intent to punish certain conduct more severely if particular aggravating circumstances are present by imposing punishment under two separate statutory offenses which otherwise would be deemed the same under the required evidence test. . . ."

---

**5.** The analysis in Illinois v. Vitale, *supra,* and Newton v. State, 280 Md. 260, 373 A.2d 262 (1978), would suggest that they should be deemed the same under the required evidence test. *But cf.* Couplin v. State, 37 Md. App. 567, 579-582, 378 A.2d 197 (1977), *cert. denied,* 281 Md. 735 (1978), for a different view.

The Legislature's concern about the use of a weapon to intimidate a robbery victim, and its additional concern when that weapon is a handgun, is certainly not unreasonable. When it expressly shows an intent to punish, under two separate statutory provisions, conduct involving those aggravating factors, the Fifth Amendment's double jeopardy prohibition has not heretofore been regarded as a bar.

*Judgment of the Court of Special Appeals affirmed.*
*Petitioner to pay costs.*