619 A.2d 531

**James ELDRIDGE**

v.

**STATE of Maryland.**

No. 82, Sept. Term, 1992.

Court of Appeals of Maryland.

Feb. 10, 1993.

Victoria S. Lansburgh, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Kathryn Grill Graeff, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. on brief), Baltimore, for respondent.

Argued before ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, ROBERT M. BELL and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (Retired, Specially Assigned), JJ.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

James Eldridge does not now question the propriety of his convictions by a jury in the Circuit Court for Baltimore City of robbery with a dangerous and deadly weapon and of wearing or carrying the weapon both concealed, and openly

with the intent to injure. He is, however, sorely aggrieved by the total of 26 years imprisonment imposed by the judge—20 years on the robbery conviction to run consecutively to all sentences imposed on previous convictions and 3 years on each weapon conviction, to run consecutively to the robbery sentence. The sentences were the maximum authorized for each offense. He sought to assuage his distress by appealing to the Court of Special Appeals. In an unreported opinion, that court denied him relief in one brief paragraph. It held that the conviction for carrying a deadly weapon did not merge into the conviction for armed robbery. It declared:

> The weapons charges and armed robbery are not the same offense according to *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d [L.Ed.] 306 (1932), and the so-called "Rule of Lenity," therefore, does not come into play.

The Court of Special Appeals affirmed the judgments, leaving the 26 years intact. Eldridge was neither convinced nor content. He turned to this Court. We granted his petition for a writ of certiorari. He asks:

> Whether, under the circumstances of this case, the trial judge erred in imposing separate punishments for two [weapon] offenses in addition to the punishment imposed for the offense of robbery with a deadly weapon.

## THE FACTS

The circumstances of this case, leading to the convictions, are gleaned from a statement of facts agreed upon by the parties pursuant to Md.Rule 8–501(g) and the transcript of the trial. The statement of facts reflects the testimony of three State witnesses—Jennifer Pender, Judy Weber, and Officer Brian Bosley, a member of the Baltimore City Police Department. We capsulize the statement.

The scene of the crimes was a bar. Judy Weber was the owner, and Jennifer Pender was her employee. The time of the crimes was about 10:30 p.m. on 18 December 1989.

Weber and Pender were playing the poker machines, which were apparently a feature of the establishment. Eldridge entered the bar, remained for a short time, went to the men's room, and then left. About 20 minutes later he came back, accompanied by Andre Murdock.[1]

Pender, engaged in playing a poker machine, heard Weber cry out, "[H]e's choking me, he's choking me, he has a gun." Pender saw Eldridge pushing Weber toward the cash register. He had his left arm around Weber's neck, and a gun in his right hand was pointed at Weber's head. Eldridge warned, "This is a holdup. Tell everybody to get on the floor." He dragged Weber to the cash register, told her he had a gun and threatened to kill her. She gave him the money in the cash register and the money used for the poker machines. He demanded that Pender give him her pocketbook.

While this was going on, Murdock was standing by the front door. One of the customers, however, slipped out. The customer flagged down Officer Bosley, and told him that a robbery was in progress at Weber's bar. The officer ran into the bar and saw Murdock and Eldridge. He grabbed Murdock. Eldridge threw down the gun. Weber testified: "I went down and I picked it up and hollered, 'Bosley, I got it and I'm going to shoot the mother fucker.'" Then, to her dismay, she discovered, "It didn't have no bullets." Eldridge fled.

The gun was recovered by the police. It was a "starter's pistol," incapable of firing a projectile.[2] But, Bosley testified, it was heavy enough to be used as a bludgeon and was capable of instilling fear in a victim. This Court held in *Jackson v. State*, 231 Md. 591, 594–595, 191 A.2d 432 (1963) that a .22 caliber starter's pistol qualified as a dangerous or

---

**1.** Andre Murdock was tried with Eldridge. The jury convicted him of the same offenses for which it convicted Eldridge. Murdock is not a party to this appeal.

**2.** At the start of the trial it was agreed that the weapon was a starter's pistol and the charging documents were amended to so state.

deadly weapon when used in a robbery. *Cf. Anderson v. State*, 328 Md. 426, 438–439, 614 A.2d 963 (1992); *Brooks v. State*, 314 Md. 585, 600, 552 A.2d 872 (1989).

## ARTICLE 27, § 36 AND MULTIPLE SENTENCES

### (1)

Each of the crimes of which Eldridge was convicted featured a deadly weapon. Md.Code (1957, 1992 Repl.Vol.) Art. 27, § 486 authorizes the punishment for the common law felony of robbery. Section 488 provides a harsher punishment when the robbery is with a deadly weapon.[3] Section 36(a) creates the misdemeanor of carrying a deadly weapon, when "concealed upon or about [the] person" or "openly with the intent or purpose of injuring any person in any unlawful manner." Whether carried concealed or openly, the penalty authorized is the same, except

if it shall appear from the evidence that such weapon was carried, concealed or openly, with the deliberate purpose of injuring the person or destroying the life of another

the statute commands that "the court shall impose the highest sentence of imprisonment prescribed [, 3 years]." *See Mackall v. State*, 283 Md. 100, 387 A.2d 762 (1978) in which we dissected § 36.

### (2)

After imposing the sentence on the conviction for armed robbery, the trial judge made clear his firm belief as to the status of the two weapon offenses. He declared:

As to the deadly weapon, there are two separate distinct charges. One is carrying a concealed deadly weapon and that is a charge that is separate and distinct from the use

---

**3.** Hereinafter in this opinion references to a section are to Article 27 of the Annotated Code of Maryland (1957, 1992 Repl.Vol.).

Sections 486 and 488 do not create separate statutory offenses but merely fix the penalties for one crime of robbery, the penalty being more severe when committed with a deadly weapon. *Whack v. State*, 288 Md. 137, 140, 416 A.2d 265 (1980), appeal dismissed and cert. denied, 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981).

of a weapon carried openly with intent to injure Ms. Weber, the victim in this case. In order to get the weapon into the premises, it had to have been carried concealed on or about your person and that was a logical reasonable inference which the jury found and the court does not disagree with the jury's verdict. In addition, once you were in the premises, it's at that time that you pulled that weapon out and put it to the head of the victim and clearly established an intent to injure that victim. And under those circumstances, the elements of each, these are separate and distinct. One is carrying a concealed weapon about your person. The second is pulling it out and attempting to use it and showing the intent to cause injury. So under these circumstances, they are two separate and distinct offenses and this interpretation does not permit a merger and the court certainly will not merge them either for purposes of disposition or for any other purpose.

### (3)

We approach the propriety of the two sentences imposed on the weapon convictions from the pinnacle we have reached in our many attempts to divine legislative intent. We have set out the guidelines so often that there is no need to detail them here. Suffice it to say, the key to legislative interpretation is the purpose of the legislation, determined in the light of the statute's language and context. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 516, 525 A.2d 628 (1987). *See Warfield v. State*, 315 Md. 474, 499–500, 554 A.2d 1238 (1989). "We may and often must, consider other 'external manifestations' or 'persuasive evidence'." *Kaczorowski*, 309 Md. at 515, 525 A.2d 628. " '[R]esults that are unreasonable, illogical or inconsistent with common sense should be avoided ... with the real legislative intention prevailing....' " *Id.* at 516, 525 A.2d 628, quoting *Potter v. Bethesda Fire Department*, 309 Md. 347, 353, 524 A.2d 61 (1987), quoting *State v. Fabritz*, 276

Md. 416, 421–422, 348 A.2d 275 (1975), *cert. denied,* 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976).

■ We view the language of § 36(a) as creating one offense—the carrying of a dangerous weapon. The offense may be committed in two ways: with the weapon carried (1) concealed, or (2) openly with the intent to injure.

Section 36B concerns handguns. Handguns were expressly excepted from the provisions of § 36 and § 36B was enacted to fill the void. We think that § 36B is persuasive in our consideration of whether § 36(a) contemplates only one offense. We pointed out in *Webb v. State,* 311 Md. 610, 611, 536 A.2d 1161 (1988) that the Legislature

> spurred by "a dramatic increase in the number of crimes perpetrated with handguns and a concomitant increase in the number of deaths and injuries caused by persons carrying handguns on the streets who were 'inclined to use them in criminal activity,'" enacted "strong handgun control legislation." *State v. Crawford,* 308 Md. 683, 693, 521 A.2d 1193 (1987), referring to Acts 1972, Ch. 13 and citing the "Declaration of Policy" set out in Maryland Code (1957, 1982 Repl.Vol.) Art. 27, § 36B(a)(i)–(ii).

We observed:

> As a part of a comprehensive legislative scheme "to preserve the peace and tranquility of the State and to protect the rights and liberties of its citizens," § 36B(a)(iv), the Legislature made it a misdemeanor for ["][a]ny person [to] wear, carry, or transport any handgun, whether concealed or open, upon or about his person....["] Art. 27 § 36B(b). Cole, J., speaking for the Court in *Crawford,* after tracing the history of the handgun control legislation, noted that § 36B(b) "sets forth a blanket rule," 308 Md. at 693, 521 A.2d 1193, "designed to discourage and punish the possession of handguns on the streets and public ways," *id.,* at 695, 521 A.2d 1193.

311 Md. at 611–612, 536 A.2d 1161 (footnote omitted). We determined in *Webb* that the unit of prosecution in § 36B(b) was "the wearing, carrying or transporting of any handgun,

whether concealed or open, upon or about the person." 311
Md. at 617, 536 A.2d 1161. We explained:

There is no requirement as to time, use, person at risk or
incident.

311 Md. at 617–618, 536 A.2d 1161. We stated:

We cannot read into the plain language of the section that
a lapse of time or more than one person put at risk or
multiple incidents [such as carrying the gun concealed,
displaying it openly and again concealing it] would initiate
separate offenses.

at 618, 536 A.2d 1161 (footnote omitted).

We think that § 36B, concerned with handguns, is, to all
intents and purposes, the counterpart of § 36, concerned
with deadly weapons generally, except handguns. The pro-
scribed conduct in both § 36(a) and § 36B(b) is the same—
the carrying of the designated weapon. In view of the
similarity of the statutes and our holding in *Webb*, we
conclude that the unit of prosecution in § 36(a), as we have
found it to be in § 36B(b), is one offense—the carrying of a
deadly weapon, regardless of whether it is carried concealed
or openly.

We pursue the results which would flow from the trial
court's construction of § 36(a)—that in the course of a
single incident,[4] the act of carrying a deadly weapon con-
cealed constitutes an entirely separate offense from the act
of carrying the weapon openly, with separate punishments
allowable for each offense. We conjure up this scenario.
Eldridge parks his car on the bar's parking lot. He re-
moves the starter pistol from the glove compartment, gets
out of the car and puts the pistol in his pocket. He walks
toward the bar and on the way removes the pistol from his
pocket, checks it and replaces it in his pocket. He enters
the bar. In the men's room he again checks the pistol and

---

**4.** The evidence clearly established that the charges here arose from
one incident and that only one weapon was involved. There was no
suggestion that Eldridge carried the weapon, either concealed or
openly, other than incident to the robbery.

then pockets it. Entering the barroom, he pulls the pistol from his pocket and at pistol point commits the robbery, threatening to kill the victim. Upon fleeing the scene he again puts the pistol in his pocket. During the course of this conduct he carried the weapon concealed five times and carried it openly four times. Under the trial court's interpretation, Eldridge could be convicted of five offenses of carrying a deadly weapon concealed and of four offenses of carrying the weapon openly. He would be subject to a sentence of 3 years on each offense for a total 27 years. This would be absurd. We cannot conceive that such pyramiding of sentences reflects the intention of the Legislature. *See Dickerson v. State*, 324 Md. 163, 170–171, 596 A.2d 648 (1991).

### (4)

■ Given that the Legislature intended that § 36(a) creates a single offense which may be committed in different ways, "double jeopardy principles would require that the same acts of the defendant not be subject to multiple punishments under the statute." *Biggus v. State*, 323 Md. 339, 343, 593 A.2d 1060 (1991). Thus the imposition of two sentences on Eldridge, one upon his conviction of carrying a deadly weapon concealed, and the other upon his conviction of carrying that same weapon openly with intent to injure, in the circumstances of this case, was improper. Ordinarily, one of these sentences would stand but the other would have to be vacated. As we shall see here, it is immaterial which would stand and which would be vacated. There is an outstanding conviction and sentence on the armed robbery charge. The propriety of any remaining weapon sentence under § 36, whether it be for carrying a weapon concealed or carrying it openly, must be considered in the light of the armed robbery judgment. So the question devolves to the status of *any* sentence under § 36 visà-vis the robbery judgment.

## THE ROBBERY JUDGMENT AND
## MULTIPLE SENTENCES

 The common law felony of robbery, recognized in Maryland, is the felonious taking and carrying away of the personal property of another from the victim's person by the use of violence or by putting the victim in fear. *See State v. Gover*, 267 Md. 602, 606, 298 A.2d 378 (1973). When a deadly weapon is utilized in the robbery, guilt is predicated upon an intent to rob by means of intimidation produced by the use of the weapon, coupled with the apparent ability to execute the threat, expressed or implied, to use the weapon if resistance is offered. *Jackson v. State*, 231 Md. at 594, 191 A.2d 432. When a robbery is committed without a deadly weapon, the penalty prescribed by the Legislature is imprisonment "for not less than three nor more than ten years." § 486. When the robbery is with a deadly weapon the Legislature doubled the penalty, authorizing imprisonment "for not more than twenty years." § 488. The reason for the much harsher penalty, of course, was the use of a deadly weapon.

 There is no expression, indication or suggestion in § 36 or § 488 that the penalty for carrying a deadly weapon, either concealed or openly, may be in addition to the armed robbery sentence. On the other hand, we see an indication to the contrary, arising from the enhancement by the Legislature of the penalty when the robbery is with a deadly weapon. It offends common sense to believe that the Legislature, already punishing the robber for using a deadly weapon, contemplated that the robber could receive an additional term of imprisonment because he carried the weapon used in the robbery.

When we have determined that multiple punishments were appropriate where a single course of action violates more than one statutory provision, we have found clear evidence of statutory intent to that effect. When a handgun is the deadly weapon, the Legislature declared its intent in § 36B(d):

Any person who shall use a handgun ... in the commission of any felony or any crime of violence ... shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor....

be sentenced as prescribed in the statute. In *Dillon v. State,* 277 Md. 571, 584, 357 A.2d 360 (1976), we observed, even though the issue was not directly before us, that § 36B(d) made it clear that the use of a handgun in any felony or crime of violence constitutes a separate misdemeanor, independent of the felony or crime of violence, in connection with which a handgun was used, and mandates a separate minimum sentence. We stated that "[t]he provisions in the statute preclude the application of the doctrine of merger of such misdemeanor in the felony or 'crime of violence.' " *Id.* In *Whack v. State,* 288 Md. 137, 149, 416 A.2d 265 (1980), appeal dismissed and cert. denied, 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981), we announced:

In sum, it is clear to us that the General Assembly intended to authorize the imposition of punishment under both § 36B(d) and § 488 of Art. 27, when one commits a robbery with a handgun.

We explained:

[The General Assembly] has viewed the use of a weapon to intimidate the victim of a robbery as an aggravating factor, warranting the enhanced penalty of § 488. And when that weapon is a handgun, it has viewed it as a further aggravating factor, requiring the *additional* penalty, under § 36B(d).

*Id.* (emphasis in original).[5] We came to a like conclusion in *Frazier v. State,* 318 Md. 597, 569 A.2d 684 (1990). Frazier had a record of conviction of a crime of violence. Sections 445(c) and 448 made it a misdemeanor for a person to possess a pistol or revolver if the person had been convicted of a crime of violence. Section 441(c) includes among the

---

**5.** In *Whack* we rejected the notion that the additional penalty was prohibited by double jeopardy. 288 Md. at 149–150, 416 A.2d 265.

definitions of pistol or revolver "any firearm with barrel less than twelve inches in length...." Frazier was convicted of this misdemeanor and of carrying the weapon, found to be a handgun, in violation of § 36B. A sentence was imposed on each offense. We found it to be plain, that in the light of § 36B,

> the Legislature did not intend to prohibit separate penalties for violation of [carrying a handgun and possessing a handgun after having been convicted of a crime of violence].

318 Md. at 615, 569 A.2d 684. We observed that the two offenses did not merge. *Id.* We note another example indicating that ordinarily when the Legislature intends that there be multiple penalties it says so. With reference to the Dangerous Controlled Substance Laws it declared:

> Any penalty for violation of [those Laws] shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law.

Section 291.

We have observed that, unlike § 36B, there is no expression, indication or suggestion in § 36 that the penalty imposed for carrying a deadly weapon, when used in the commission of a robbery may be or shall be in addition to the sentence imposed for the robbery. When a robbery is aggravated by the use of a deadly weapon (other than a handgun), the Legislature responded by enhancing the penalty. And when the robbery was further aggravated by the use of a handgun as the deadly weapon, the Legislature enhanced the penalty even more by calling for a penalty for carrying the handgun in addition to the penalty for armed robbery. Apparently, the Legislature did not believe that a robbery committed by means of a deadly weapon, other than a handgun, is aggravated by the fact that the weapon was carried concealed or openly, for it was silent as to the penalty therefor being in addition to a penalty imposed for robbery or any other crime. Nor do we perceive how robbery with a deadly weapon is aggravated by the mere

carrying of the weapon with which the robbery is committed.

> [T]he general rule for determining whether two criminal violations, treated separately under the statutory provisions, should be deemed the same when both violations are based on the same transaction, is the so-called "same evidence" or "required evidence" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180 [182], 76 L.Ed. 306 (1932)....

*Whack*, 288 Md. at 141–142, 416 A.2d 265 and quoted in *Frazier*, 318 Md. at 612, 569 A.2d 684. The general rule, however, is not simply a mechanical operation. The required evidence test is not the only standard for determining when two statutory violations, based on the same transaction, will be treated as one.

> The imposition of multiple punishment ... is often particularly dependent upon the intent of the Legislature.

*Whack*, 288 Md. at 143, 416 A.2d 265.

> [A]lthough the required evidence test is the normal standard for deciding the allowability of separate sentences, the Legislature may not in certain circumstances intend that separate sentences be imposed for two offenses growing out of the same transaction, even though the two offenses are clearly distinct under the required evidence test. On the other hand ... even though two offenses may be deemed the same under the required evidence test, separate sentences may be permissible, at least where one offense involves a particularly aggravating factor, if the Legislature expresses such an intent.

*Id.* (citation and footnote omitted). Accordingly, in *Whack* and *Frazier*, our holding that the two offenses did not merge was predicated on the legislative intent to permit separate penalties. 318 Md. at 615, 569 A.2d 684.

## DECISION

So it is that the resolution of this case is determined by what we have divined to be the legislative intent. We find

that when there was one incident involving one deadly weapon, the Legislature intended that:

1) The misdemeanor created by § 36 is the mere carrying of a deadly weapon.[6] Therefore,

a) only one sentence may be imposed upon conviction of that crime; so that

b) separate sentences may not be imposed upon convictions on charges that the weapon was carried concealed and was carried openly.

2) When there is a conviction of armed robbery and a sentence is imposed pursuant to § 488, a separate sentence upon a conviction for carrying the deadly weapon used in the robbery in violation of § 36 may not be imposed.

We hold that the trial court here erred in imposing sentences upon the verdicts of guilty rendered by the jury with respect to the offenses charged under § 36. The sentence for carrying a deadly weapon concealed and the sentence for carrying that weapon openly, imposed *in addition* to the sentence for armed robbery, were improper as contrary to the intent of the Legislature. The sentences imposed for violation under § 36 must be vacated. The judgment entered upon the conviction of Eldridge for armed robbery, however, stands. Therefore, we

1) affirm the judgment of the Court of Special Appeals with respect to the judgment entered by the Circuit Court for Baltimore City on the conviction of armed robbery;

2) reverse the judgment of the Court of Special Appeals with respect to the judgments of the Circuit Court for Baltimore City on the two convictions for carrying a deadly weapon as proscribed by § 36;

3) remand the case to the Court of Special Appeals with direction to remand it to the Circuit Court for Baltimore City with direction to vacate the sentences imposed on the

---

**6.** *See Anderson v. State,* 328 Md. 426, 614 A.2d 963 (1992) for a discussion about when an instrument may be deemed to be a "deadly weapon."

two convictions for carrying a deadly weapon in violation of § 36.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART AS ABOVE SET OUT;

CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS PURSUANT TO THIS OPINION;

COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.