344

571 A.2d 874

**Kevin VINCENT aka Kevin Davis**

v.

**STATE of Maryland.**

**No. 1147, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

April 2, 1990.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Thomas K. Clancy, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Alexander Williams, Jr., State's Atty. for Prince George's County, Upper Marlboro, on the brief), for appellee.

Submitted before WILNER, GARRITY and BLOOM, JJ.

BLOOM, Judge.

Kevin Vincent a/k/a Kevin Davis, the appellant, was indicted for assault with intent to murder, assault with intent to disable, malicious shooting with intent to disable, use of a handgun in the commission of a crime of violence, assault and battery. A jury in the Circuit Court for Prince George's County convicted him of malicious shooting with intent to disable (Third Count), use of a handgun in the commission of a crime of violence (Fourth Count), and battery (Fifth Count). Merging the battery conviction into the malicious shooting conviction, the court imposed a sentence of ten years for the shooting and a concurrent twenty year sentence for the handgun violation, but suspended all but thirteen years. Appellant now contends that:

1. The court erred in admitting evidence of other crimes.

2. The evidence was insufficient to sustain his conviction of use of a handgun in the commission of a crime of violence; and

3. The court committed plain error in instructing the jury.

We see no basis for reversal on either of the first two issues. On the third issue, however, we agree that the court's instruction to the jury relative to the handgun charge constituted error that was prejudicial to appellant, and we shall reverse that conviction.

### *Facts*

The facts are relatively simple. Joe Reltherford, the victim, was a pimp. A prostitute named Angela Young worked for him. Young left Reltherford and "got with" appellant, but later returned to Reltherford. Appellant retained Young's car. When Reltherford went to retrieve the car, appellant shot him in the arm and side.

### I

 Appellant complains that the court permitted the State to introduce evidence to prove that appellant had prostitutes working for him. He contends that such evidence of crime other than the one with which he was charged was inadmissible and prejudicial. Other crimes evidence may be admitted if relevant to a material issue (not merely to show that the accused is a bad person with a propensity to commit crimes) and if it is reasonably necessary to the State's case, *i.e.,* if its prejudicial effect is outweighed by its probative value. *See State v. Faulkner,* 314 Md. 630, 552 A.2d 896 (1989); *Harris v. State,* 81 Md.App. 247, 567 A.2d 476 (1989); *McKinney v. State,* 82 Md.App. 111, 570 A.2d 360 (1990).

 One well recognized basis for the admission of other crimes evidence is the establishment of motive. *Faulkner,* 314 Md. at 634, 552 A.2d 896. Here, evidence that Ms. Young, the prostitute, had left one pimp, the victim, for

another, appellant, and then opted to resume working for the victim, furnished the motive for the shooting. The victim's appropriation of a source of appellant's income would be likely to cause resentment and thus provoke a violent reaction. And when we weigh the prejudice to appellant that might result from the introduction of evidence of pandering or receiving the earnings of a prostitute against the need of the State to prove a motive for the violent crimes with which appellant was charged, we find no error or abuse of discretion in admitting the other crimes evidence.

## II

■ Based upon the fact that he was acquitted of assault with intent to murder and convicted only of shooting with intent to disable, which is not a predicate crime of violence under the handgun statute, appellant argues that the evidence was insufficient to prove the crime of use of a handgun in the commission of a crime of violence.

This issue was not preserved for appellate review. Appellant moved for judgment of acquittal at the end of the State's case and then renewed his motion despite the fact that he presented no evidence. At the time the motion was first made, the only reason for acquittal that was stated with any degree of particularity, as required by Md.Rule 4–324(a), was the inadequacy of the evidence to show an intent to murder (First Count). As to the other charges, including the handgun charge (Fourth Count), defense counsel merely made "a general motion for judgment of acquittal," stating no grounds. That was not adequate to preserve a sufficiency issue. *See State v. Lyles*, 308 Md. 129, 135–36, 517 A.2d 761 (1986). When the motion was renewed, counsel added an assertion that the location of the bullet wounds would not support an inference of an intent to disable (Third Count). As to the handgun charge (Fourth Count), counsel posited that if the court were to grant the motions on *both* the First *and* Third counts, the Fourth Count would have to fall as well because there would then

be no predicate crime of violence. The issue that appellant now seeks to raise—that proof of the offense of shooting with intent to disable is insufficient to support the handgun conviction—was never raised below; it may not be raised for the first time on appeal. Md.Rule 8–131.

### III

During its instructions to the jury, the court stated: Lastly, ladies and gentlemen, the defendant is charged with use of a handgun in the commission of a crime of violence. Use of a handgun in the commission of a crime of violence.

In order for the State to prove to you beyond a reasonable doubt that the defendant is guilty of that offense, the State must prove to you again two essential elements.

One, that the defendant committed a crime of violence.

And two, that the defendant used a handgun in the commission of that crime of violence.

Now, first of all, let me say this to you. The defendant is charged with two crimes of violence: assault with intent to murder and malicious shooting with intent to disable. Either of those two is a crime of violence.... So, the question is: Did the defendant commit either or both of those two, and if so, did he use a handgun in doing so?

Now, the only question left in your mind is: What do we mean by a handgun under this statute? A handgun, ladies and gentlemen, is a pistol, a revolver, or any other firearm capable of being concealed on or about the person and which is designed to fire a bullet by the explosion of gunpowder. A handgun is a pistol, revolver, or any other firearm capable of being concealed on or about the body or about the person, and which is designed to fire a bullet by the explosion of gunpowder.

So, what is the question that is asked of you with respect to that offense? It is question number four, ladies and gentlemen, and it reads as follows:

Is the defendant guilty or not guilty of use of a handgun in the commission of a crime of violence? And then I have, parenthetically, did the defendant commit assault with the intent to murder, and I tell you see question one, because you have already answered that; or malicious shooting with the intent to disable, and I tell you to see question two, because you have answered that already; and, if so as to one or both, did he use a handgun in doing so?

Your answer will either be guilty or not guilty using a standard of beyond a reasonable doubt and your verdict must be unanimous.

Md.Annotated Code, art. 27, § 386 (1987 Repl.Vol.) defines the crime of malicious shooting thusly:

If any person shall unlawfully shoot at any person, or shall in any manner unlawfully and maliciously attempt to discharge any kind of loaded arms at any person, ... with intent to maim, disfigure or disable such person, ... every such offender, and every person counselling, ... shall be guilty of a felony and, upon conviction thereof, be punished by confinement....

With respect to the offense charged of use of a handgun in the commission of a crime of violence, a crime of violence is defined in Md.Annotated Code, art. 27, § 441(e) as follows:

(e) The term "crime of violence" means abduction; arson; burglary, including common law and all statutory and storehouse forms of burglary offenses; escape, housebreaking; kidnapping; manslaughter, excepting involuntary manslaughter; mayhem; murder; rape; robbery; robbery with a deadly weapon; sexual offense in the first degree; and sodomy; or an attempt to commit any of the aforesaid offenses; or assault with intent to commit any other offense punishable by imprisonment for more than one year.

The crime of malicious shooting with intent to disable is not one of the crimes of violence enumerated in that stat-

ute, since the intended result of the shooting—disabling the victim—is not an offense punishable by imprisonment for more than one year.

■ Appellant acknowledges that no objections were made to the court's instructions. Nevertheless, he argues that, in accordance with the last sentence of Md.Rule 4–325(e), we should take cognizance of the "plain error" in the instructions. Rule 4–325(e) states:

> No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection. Upon request of any party, the court shall receive objections out of the hearing of the jury. An appellate court, on its own initiative or on the suggestion of a party, may however take cognizance of any plain error in the instructions, material to the rights of the defendant, despite a failure to object.

The court's instruction to the jury, relative to the handgun charge, was clearly wrong. It constituted "plain error." The jury, instructed that the offense of "malicious shooting with intent to disable" was a "crime of violence" that could be used as the predicate offense for the crime of use of a handgun in the commission of a crime of violence, apparently was guided by that erroneous instruction. It acquitted appellant of assault with intent to murder, which would have constituted a predicate crime of violence under the handgun statute, but convicted him of malicious shooting with intent to disable *and* of use of a handgun in the commission of a crime of violence. An error that is likely to influence the jury, depriving the appellant of a fair trial, is material to his rights. *State v. Hutchinson*, 287 Md. 198, 411 A.2d 1035 (1980).

Because the court committed plain error in instructing the jury and because that error was material to the right of appellant, we reverse the conviction on the handgun charge.

JUDGMENT ON THIRD COUNT AFFIRMED. JUDGMENT ON FOURTH COUNT REVERSED.

COSTS TO BE PAID ONE–HALF BY APPELLANT AND ONE–HALF BY PRINCE GEORGE'S COUNTY.