582 A.2d 1220

**STATE of Maryland**

v.

**Kevin VINCENT a/k/a Kevin Davis.**

**No. 115, Sept. Term, 1990.**

Court of Appeals of Maryland.

Dec. 20, 1990.

J. Joseph Curran, Jr., Atty. Gen. and Thomas K. Clancy, Asst. Atty. Gen., for petitioner.

Julia Doyle Bernhardt, Asst. Public Defender, for respondent.

Submitted to MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE and CHASANOW, JJ.

ELDRIDGE, Judge.

In this criminal case, the defendant was convicted of the statutory offenses of "unlawfully shoot[ing] at any person ... with intent to ... disable," in violation of Maryland Code (1957, 1987 Repl.Vol.), Art. 27, § 386, and of using "a handgun ... in the commission of any felony or any crime of violence as defined in § 441 of this article," in violation of Art. 27, § 36B(d). The Court of Special Appeals overturned the § 36B(d) handgun conviction on the ground that the § 386 offense did not qualify as a predicate crime for

purposes of § 36B(d). *Vincent v. State,* 82 Md.App. 344, 571 A.2d 874 (1990). The State filed a petition for a writ of certiorari challenging that decision, and, at our request, the defendant filed a response to the petition. We have granted the State's petition, and we shall summarily reverse the Court of Special Appeals' decision and order that the trial court's judgment be affirmed.

A five-count indictment was filed in the Circuit Court for Prince George's County on May 20, 1987, charging Kevin Vincent with various offenses based upon his allegedly shooting Joe Louis Reltherford. According to Mr. Reltherford, on March 23, 1986, Vincent shot Reltherford in one arm and in both sides with a handgun. Messrs. Vincent and Reltherford were allegedly pimps, and the shooting apparently grew out of a dispute between them over a prostitute.

Count one of the indictment charged that Vincent "unlawfully and feloniously did make an assault upon Joe Louis Reltherford" with intent to murder Reltherford, in violation of Art. 27, § 12. Count two charged that Vincent "did unlawfully, feloniously and maliciously assault Joe Louis Reltherford, with the intent to disable" Reltherford, in violation of Art. 27, § 386. The third count alleged that Vincent "did unlawfully, feloniously and maliciously shoot Joe Louis Reltherford, with the intent to disable said" Reltherford, in violation of Art. 27, § 386.[1] Count five of

---

1. Art. 27, § 386, the violation of which was charged in both counts two and three, provides as follows:

   "**§ 386. Unlawful shooting, stabbing, assaulting, etc., with intent to maim, disfigure or disable or to prevent lawful apprehension.**

   "If any person shall unlawfully shoot at any person, or shall in any manner unlawfully and maliciously attempt to discharge any kind of loaded arms at any person, or shall unlawfully and maliciously stab, cut or wound any person, or shall assault or beat any person, with intent to maim, disfigure or disable such person, or with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender, and every person counselling, aiding or abetting such offender shall be guilty of a felony and, upon conviction thereof, be punished by confinement in

the indictment accused Vincent of common law assault upon Reltherford.

The fourth count of the indictment gave rise to the conviction which was reversed by the Court of Special Appeals and which is the object of the State's petition for a writ of certiorari. Count four charged that Vincent "did unlawfully use a handgun in the commission of a crime of violence, in violation of Article 27, Section 36B(d)...." While a better description of the offense, in light of the statutory language, would have been to charge that Vincent used "a handgun in the commission of a felony or crime of violence, in violation of Art. 27, § 36B(d)," count four of the charging document left out the word "felony." [2] Nevertheless, there has never in this case been any contention or even any intimation by the defendant that the absence of the word "felony" in count four narrowed the scope of the charge or in any way misled the defendant. Both at the trial and on appeal, the parties have sometimes referred to

---

the penitentiary for a period not less than eighteen months nor more than ten years."

**2.** Art. 27, § 36B(d), as it read at the time the offenses in this case were committed, provided as follows:

"(d) *Unlawful use of handgun or antique firearm in commission of crime; penalties.*—Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article, shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor:

(1) For a first offense, be sentenced to the Maryland Division of Correction for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than the minimum sentence of 5 years.

(2) For a second or subsequent offense, be sentenced to the Maryland Division of Correction for a term of not less than 5 nor more than 20 years, and it is mandatory upon the court to impose no less than a minimum consecutive sentence of 5 years which shall be served consecutively and not concurrently to any other sentence imposed by virtue of the commission of said felony or misdemeanor."

Section 36B(d) was amended by Ch. 438 of the Acts of 1988 to provide that a person convicted under § 36B(d) "is not eligible for parole in less than five years...."

count four as charging the use of a handgun in the commission of a "felony."[3] Counts one, two and three of the indictment described the offenses charged therein as felonies, and the defendant, throughout the trial, took the position that those offenses were eligible predicate offenses for the handgun charge in count four.

The only pre-trial matter raised by the defendant was that the case should be dismissed on speedy trial grounds, and his motion to this effect was denied by the trial judge.

During the trial, at the close of the prosecution's case, defense counsel moved for judgment of acquittal, arguing only that there was insufficient evidence of assault with intent to murder. Also at the close of the prosecution's case, the State nol prossed count two charging malicious assault with intent to disable.[4]

After deciding not to present any evidence, the defendant renewed his motion for judgment of acquittal, arguing that the evidence under counts one and three was insufficient, as the State had shown neither an intent to kill (count one) nor an intent to disable (count three). Defense counsel, agreeing that either the offense charged in count one or the offense charged in count three was a sufficient predicate for the handgun offense charged in count four, argued that if the Court were to accept his insufficiency argument and grant judgments of acquittal as to both "counts one and three at this time, then count four would have to fall as well...." Defense counsel made no argument with regard to the assault charged in count five.

In his instructions, the trial judge told the jury that either the offense charged in count one or the offense charged in

---

**3.** *See, e.g.,* the defendant's brief in the Court of Special Appeals, p. 2, where he states that he was convicted of "use of a handgun in the commission of a felony."

**4.** The State also indicated that it intended to nol pros count five, charging common law assault, but defense counsel objected, relying on *Hook v. State,* 315 Md. 25, 553 A.2d 233 (1989). The State thereupon agreed not to nol pros count five.

**318**

count three qualified as an underlying crime for purposes of the handgun offense charged in count four. The jurors were instructed that if they found that the defendant committed either an assault with intent to murder or a malicious shooting with an intent to disable, and if he used a handgun in doing so, then they should find the defendant guilty under the fourth count. After delivering the jury instructions, the trial judge asked counsel whether they had any objections. While raising a question concerning the instructions under count one, defense counsel had no objection to the instructions regarding the handgun charge.

The jury found the defendant not guilty of the assault with intent to murder charged in count one and guilty of the offenses charged in counts three, four and five. The trial judge thereafter merged the assault conviction under count five into the unlawful shooting with intent to disable conviction under count three.

At the sentencing hearing, the defendant again seemed to acknowledge that the conviction for shooting with intent to disable furnished a sufficient basis for the handgun conviction. Defense counsel urged that the minimum five-year mandatory sentence be imposed for the handgun conviction, and that it not be without eligibility for parole.[5] The defendant was given a ten-year prison sentence for unlawful shooting with intent to disable, and a concurrent twenty-year sentence, with all but thirteen years suspended, for the handgun offense. Both sentences were made consecutive

---

**5.** As previously noted, *supra* n. 2, Ch. 438 of the Acts of 1988 provided that a person convicted under Art. 27, § 36B(d), would not be eligible for parole in less than five years. Defense counsel argued that, as the offense in this case was committed prior to 1988, the ex post facto prohibition would not allow the sentence to be without eligibility for parole. The prosecuting attorney made a contrary argument. The trial court, citing *Gluckstern v. Sutton*, 319 Md. 634, 574 A.2d 898, *cert. denied,* ⸺ U.S. ⸺, 111 S.Ct. 369, 112 L.Ed.2d 331 (1990), agreed with defense counsel's ex post facto argument and refused to add language to his sentence indicating no eligibility for parole for five years. The trial court, however, did not agree to impose the five-year minimum for the handgun conviction.

to a sentence which the defendant was then serving in Pennsylvania.

The defendant appealed to the Court of Special Appeals, raising an evidentiary issue which related to all counts on which he was convicted. The Court of Special Appeals ruled against him on this issue and affirmed the conviction and sentence for unlawfully shooting with intent to disable. *Vincent v. State, supra,* 82 Md.App. at 346–347, 351, 571 A.2d at 875–877.[6]

In addition, for the first time in the case, the defendant in his brief in the Court of Special Appeals contended that the unlawful shooting with intent to disable offense under Art. 27, § 386, did not qualify as an underlying crime for purposes of the Art. 27, § 36B(d), handgun offense. The reason for this, according to the defendant, was because the § 386 offense "is not one of the crimes of violence listed in section 441" (defendant's brief in the Court of Special Appeals, p. 6). The defendant couched his argument in two ways. First, he claimed that the evidence was insufficient to sustain the handgun conviction because there was no evidence that he used the handgun in the commission of a crime of violence within the meaning of Art. 27, § 441. Second, the defendant argued that the trial judge committed "plain error" by instructing the jury that the unlawful shooting offense charged in count three qualified as an underlying crime for purposes of the handgun offense charged in count four.

The State in its Court of Special Appeals brief made three alternative arguments in response to the defendant's attack upon the handgun conviction. First, the State pointed out that the matter had not been raised in the trial court and thus was not preserved for appellate review. Second, the State maintained that unlawful shooting with intent to disable is a crime of violence within the meaning of Art. 27,

---

6. The case was submitted to the Court of Special Appeals on the parties' briefs. There was no oral argument in the intermediate appellate court.

§ 441. Third, the State argued that, regardless of whether unlawful shooting with intent to disable is a crime of violence, it is a felony and any felony qualifies as a predicate crime for purposes of Art. 27, § 36B(d).[7]

The Court of Special Appeals, treating the defendant's challenge to the handgun conviction as involving two separate issues, declined to review the matter as a sufficiency of the evidence question on the ground that it was not preserved for appellate review, citing *State v. Lyles*, 308 Md. 129, 517 A.2d 761 (1986). *See Vincent v. State, supra,* 82 Md.App. at 347–348, 571 A.2d at 876. On the other hand, the intermediate appellate court exercised its discretion to review the jury instruction even though there was no objection to the instruction in the trial court. The Court of Special Appeals held that the offense of unlawful shooting with intent to disable, under Art. 27, § 386, was not a "crime of violence" within the meaning of Art. 27, § 441, and, consequently, could not qualify as a predicate offense for the handgun conviction under Art. 27, § 36B(d). Accordingly, the court held that the jury instruction was erroneous, and it reversed the handgun conviction, although without remanding for a new trial. *Vincent v. State, supra,* 82 Md.App. at 348–351, 571 A.2d at 876–877. The intermediate appellate court totally ignored the State's alternative argument that unlawful shooting with intent to disable is a felony and that any felony qualifies as an underlying crime for purposes of Art. 27, § 36B(d).

---

**7.** The State's argument in part was as follows (State's brief in the Court of Special Appeals, pp. 11–12):

"Alternatively, even if malicious shooting with intent to disable is not considered a crime of violence, it is still a felony. *See* Article 27, § 386. A person violates section 36B by using a handgun in the commission of a 'felony or any crime of violence . . .' *Biggs v. State,* 56 Md.App. 638, 648, 468 A.2d 669 (1983), *cert. denied,* 299 Md. 425, 474 A.2d 218 (1984). Thus, the trial court properly identified malicious shooting with intent to disable as a crime that would qualify under section 36B as a sufficient predicate to trigger the application of that section."

The defendant *pro se* filed a petition for a writ of certiorari. In addition, the State filed a petition for a writ of certiorari, challenging on two grounds the Court of Special Appeals' reversal of the handgun conviction. The State repeated its arguments in the Court of Special Appeals that unlawful shooting with intent to disable is a crime of violence within the meaning of Art. 27, § 441, and that, alternatively, unlawful shooting with intent to disable is a felony and therefore qualifies as a predicate crime under Art. 27, § 36B(d). As previously indicated, at the Court's request defense counsel filed an answer to the State's certiorari petition. The answer, like the Court of Special Appeals' opinion, was entirely silent regarding the State's alternative argument that unlawful shooting with intent to disable qualifies as a predicate crime for purposes of Art. 27, § 36B(d), because the offense is a felony.

We have denied the defendant's petition for a writ of certiorari, and, as pointed out in the beginning of this opinion, we have granted the State's petition and shall reverse the Court of Special Appeals' judgment on the handgun count. The State's alternative argument, that unlawful shooting with intent to disable qualifies as a predicate crime under § 36B(d) because the unlawful shooting offense is a felony, is obviously correct and dispositive.

Art. 27, § 386, provides that "[i]f any person shall unlawfully shoot at any person ... with intent to maim, disfigure or disable such person, ... every such offender ... shall be guilty of a felony...." Thus, the basic offense charged in count three, under which the defendant Vincent was convicted, constituted a felony.

The handgun statute, in Art. 27, § 36B(d), states that "[a]ny person who shall use a handgun ... in the commission of *any felony or* any crime of violence as defined in § 441 of this article" shall be guilty of a separate crime and shall be given a sentence which is "in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor...." (Emphasis added). The language of the statute, and the legislative intent reflected therein, are

clear. *Any* felony, without exception, qualifies as a predicate crime for purposes of the § 36B(d) handgun offense.

This Court has previously held that the use of a handgun in *any* felony, including felonies not expressly listed as "crimes of violence" in Art. 27, § 441, constitutes an offense under the handgun statute, Art. 27, § 36B(d). In *Whack v. State,* 288 Md. 137, 416 A.2d 265 (1980), *cert. denied and appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981), the defendant was convicted and sentenced for robbery with a dangerous or deadly weapon. The dangerous or deadly weapon was a handgun. In addition, based upon the same act, the defendant was convicted and given a separate sentence under § 36B(d) for using "a handgun in the commission of any felony or any crime of violence as defined in § 441...." Whack argued, *inter alia,* that the Legislature did not intend that separate convictions and sentences be imposed based on a single act of armed robbery with a handgun. The *Whack* opinion observed that "[i]n this connection, the petitioner notes the reference to § 441 of Art. 27, and points out that § 441(e), in defining 'crime of violence,' lists 'robbery' but not 'robbery with a dangerous or deadly weapon.'" 288 Md. at 148 n. 4, 416 A.2d at 270 n. 4. This Court, in answering the defendant Whack's legislative intent argument, stated (288 Md. at 148, 416 A.2d at 270):

> "The language imposes the penalty under the section for use of a handgun in the commission of 'any felony.' As robbery with a dangerous or deadly weapon is within 'any felony,' the statutory language unambiguously imposes the penalty set forth in § 36B(d) if one uses a handgun in the armed robbery."

As to Whack's reliance on what was included as a "crime of violence" in § 441, we further noted, *inter alia,* that "[t]he reference to § 441 was simply for the purpose of indicating which misdemeanors should also be encompassed." *Ibid.* n. 4. We elsewhere pointed out that § 36B(d) punishes "the use of a handgun in the commission of any felony and in the

commission of certain violent misdemeanors," *Whack v. State, supra,* 288 Md. at 141, 416 A.2d at 267.

In sum, when one uses a handgun in the commission of an offense which is a felony under Maryland law, that person has also violated Art. 27, § 36B(d), regardless of whether the underlying offense is also a "crime of violence" under Art. 27, § 441. As the statutory language and the *Whack* case make clear, § 36B(d)'s reference to "crime[s] of violence as defined in § 441" was solely for the purpose of indicating which misdemeanors should also be encompassed.

Whether unlawful shooting with intent to disable is a "crime of violence" under § 441 may well be a very important issue when dealing with certain statutes other than Art. 27, § 36B(d). Nevertheless, for purposes of Art. 27, § 36B(d), it is irrelevant whether unlawful shooting with intent to disable is a "crime of violence." It is a felony, and, as such, it is a qualifying offense under the language of § 36B(d). Consequently, it was error for the Court of Special Appeals in this case to have even reached the question of whether unlawful shooting with intent to disable constituted a "crime of violence."

JUDGMENT OF THE COURT OF SPECIAL APPEALS WITH REGARD TO COUNT FOUR REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO AFFIRM THE JUDGMENTS OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY. RESPONDENT TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.