583 A.2d 1042

**Cecil Rhodes BROWNE, Jr.**

v.

**STATE of Maryland.**

**No. 46, Sept. Term, 1990.**

Court of Appeals of Maryland.

Jan. 11, 1991.

Arthur A. DeLano, Jr., Asst. Public Defender (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Cathleen C. Brockmeyer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, RODOWSKY, McAULIFFE, and CHASANOW, JJ., ROBERT L. KARWACKI,* Judge of the Court of Special Appeals, Specially Assigned, and CHARLES E. ORTH, Jr., Judge of the Court of Appeals (retired), Specially Assigned, JJ.

PER CURIAM.

Cecil Rhodes Browne, Jr. was found guilty by a jury in the Circuit Court for Prince George's County of involuntary manslaughter and of the use of a handgun in the commission of that crime. Judgments were entered on the convictions.[1] The Court of Special Appeals affirmed the judg-

---

* At the time this case was heard and conferenced, Karwacki, J., a judge of the Court of Special Appeals of Maryland, was specially assigned to this Court. At the time of the decision and adoption of this opinion, he had been commissioned and had qualified as a judge of this Court.

1. Indictment no. 87–2082, filed 8 December 1987, charged Browne with murder in the first degree by the 1st count and with the use of a handgun in the commission of a crime of violence by the 2nd count.

ments. *Browne v. State*, No. 951, September Term, 1989, filed 15 February 1990, unreported. We granted Browne's petition for a writ of certiorari. The question presented is:

Can a conviction for involuntary manslaughter support a conviction under Article 27, § 36B(d) for use of a handgun "in the commission of any felony or any crime of violence as defined in § 441 of this article?"

The answer is "yes."

Md.Code (1957, 1987 Repl.Vol., 1990 Cum.Supp.) Art. 27, § 36B(d) declares:

Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article, shall be guilty of a separate misdemeanor and on conviction thereof shall, in addition to any other sentence imposed by virtue of commission of said felony or misdemeanor[.]

Art. 27, § 441(e), defining the term "crime of violence" expressly excludes involuntary manslaughter.

Browne concedes that involuntary manslaughter is a felony but argues that

the Legislature, by incorporating the specific statutory language of § 441 into § 36B(d), intended to exclude "involuntary manslaughter" as a predicate "crime" under § 36B(d).

*State v. Vincent*, 321 Md. 313, 582 A.2d 1220 (1990) is dispositive. We found:

The language of [§ 36B(d)] and the legislative intent reflected therein, are clear. *Any* felony, without excep-

---

On 14 September 1988 another indictment, no. 88–1811, was filed charging him with the use of a handgun in the commission of a felony. The predicate crime with respect to each handgun offense was the homicide charged in the first indictment.

The jury found Browne guilty of involuntary manslaughter under the 1st count of indictment no. 87–2082, not guilty of the handgun offense charged in the 2nd count of that indictment, and guilty of the handgun offense charged in indictment no. 88–1811.

tion, qualifies as a predicate crime for purposes of the § 36B(d) handgun offense.

*Vincent,* at 321, 582 A.2d at 1224. Judge Eldridge, speaking for the Court, reviewed our opinion in *Whack v. State,* 288 Md. 137, 416 A.2d 265 (1980), *cert. denied and appeal dismissed,* 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981). He declared:

> In sum, when one uses a handgun in the commission of an offense which is a felony under Maryland law, that person has also violated Art. 27, § 36B(d), regardless of whether the underlying offense is also a "crime of violence" under Art. 27, § 441. As the statutory language and the *Whack* case make clear, § 36B(d)'s reference to "crime[s] of violence as defined in § 441" was solely for the purpose of indicating which misdemeanors should also be encompassed.

*Vincent,* at 323, 582 A.2d at 1225.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED;

COSTS TO BE PAID BY PETITIONER.